**To be Published**
**FINAL**
**DATE** 9-1-2020
Kau Coll



# Supreme Court of Kentucky

## 2020-SC-00182-KB

KENTUCKY BAR ASSOCIATION                                                MOVANT


V.                              IN SUPREME COURT


KIMBERLY SHAWN ISON GEVEDON                              RESPONDENT


## OPINION AND ORDER

Kimberly Shawn Ison Gevedon was admitted to the practice of law in the Commonwealth of Kentucky on October 13, 1995, and her Kentucky Bar Association (KBA) number is 86102. Her bar roster address is P.O. Box 216, West Liberty, KY 41472-0216. On January 25, 2019, the Respondent was charged with theft by unlawful taking over $500.00, a Class D Felony. It was alleged that she had stolen $7,764.00 from the Morgan County Law Library Fund, where she served as treasurer. Respondent pled guilty to the felony charge and received a one-year sentence with a five-year diversion. She was also required to pay restitution of $18,131.00 or $305.00 per month. Respondent was charged with violation of SCR 3.130(8.4)(b) and SCR 3.130(8.4)(c). She and her counsel of record were served with the charges on December 19, 2019 and, having not filed a response, Respondent is in default.

After deliberation, the Board of Governors found that she was guilty of violating both charges with a vote of 19 guilty and 0 not guilty. Respondent has had multiple prior disciplinary actions as follows:

On May 23, 2012, Respondent was issued a private admonition for her violation of SCR 3.130(1.3), (1.4)(a) and (b), (1.16)(d), and (3.4)(c).

On June 22, 2012, Respondent was issued a private admonition with conditions for her violations of SCR 3.130(1.3), (1.4)(a)(3) and (4), and (1.16)(d). The conditions were that she refund a $357.00 fee and attend and successfully complete the Ethics and Professionalism Enhancement Program.

On May 23, 2013, Respondent was suspended for 30 days for violating SCR 3.130(1.3), (1.4)(a)(3) and (4), (1.16)(d),(8.1)(b), and (8.4)(c). In addition, she was ordered to pay $750.00 in restitution to the client and to contact Kentucky Lawyer Assistance Program for assessment.

On July 20, 2015, Respondent was issued a private admonition with conditions for violating SCR 3.130(1.3), (1.4)(a)(3) and (4), and (1.16)(d). The condition imposed was that she refund $800.00 to the client.

On June 13, 2019, Respondent was suspended for 181 days for 17 counts involving violations of SCR 3.130(1.3), (1.4)(a)(3) and (4), (1.16)(d), (8.1)(b), and (8.4)(b), subject to the condition that she returned files and/or fees in the four charge files. The suspension was to run consecutively to her administrative suspension.

2

Additionally, the Board found aggravating factors in that: she had a prior disciplinary history as set out above; she stole money from the library fund and converted it to her own use; she had substantial legal experience; and, she pled guilty to illegal conduct resulting in conviction of a Class D felony. No mitigating factors were presented.

We agree that Respondent violated both SCR 3.130(8.4)(b) and SCR 3.130(8.4)(c), and order that she be permanently disbarred from the practice of law in the Commonwealth of Kentucky and assessed the administrative cost of $159.93 as required by SCR 3.450.

Pursuant to SCR 3.390, Respondent shall, notify all courts and clients of her disbarment. Those notifications must be made by letter in the United States mail within ten (10) days from the date of entry of this Opinion and Order. Respondent must also simultaneously provide a copy of all notification letters to the Office of Bar Counsel. Also, to the extent possible, Respondent must cancel and cease all advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: August 20, 2020.

_____
CHIEF JUSTICE

3